UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
DILENIA RODRIGUEZ and JOSE RODRIGUEZ,
            Plaintiff(s)

    -v-              **VERIFIED COMPLAINT**

UNITED STATES,
            Defendant(s)
-------------------------------------------------------------------------X

  Plaintiff(s), through the attorneys, The Fitzgerald Law Firm, P.C., allege, upon information and belief, the following:

## THE PARTIES

1. Plaintiff, DILENIA RODRIGUEZ, is an adult over the age of eighteen and resides in Brooklyn, New York.

2. Plaintiff, JOSE RODRIGUEZ, is an adult over the age of eighteen, is the husband of DILENIA RODRIGUEZ, and resides in Brooklyn, New York.

3. SAMIRA GABRIELA RODRIGUEZ was Plaintiff's fetus who died in utero on June 2, 2013 at Lutheran Medical Center.

4. Defendant, United States, owned, operated, managed, subcontracted, and funded Sunset Park Family Health Center/Lutheran Family Health Center, a medical health clinic existing under and by virtue of the laws of the State of New York, with its principal placed of business located at 150 55th Street, Brooklyn, New York 11220.

5. Defendant, United States, through Sunset Park Family Health Center/Lutheran Family Health Center, employed all medical providers involved in the care and treatment of Infant Plaintiff and Infant Plaintiff's mother during the relevant times, including but not limited to, Diane Tarr, M.D.

6. Plaintiff, Dilenia Rodriguez was admitted to Lutheran Hospital located at 150 55th Street, Brooklyn, New York 11220 from May 29, 2013 through June 2, 2013 for

1

premature rupture of membranes and polyhydramnios; defendant failed to take heed a signs of fetal distress and deliver the fetus earlier and thus failed to prevent a stillborn fetus.

7. On June 2, 2013 Diane Tarr, M.D. the attending on call physician at Lutheran Hospital was called to render care to plaintiff.

8. Diane Tarr, M.D., was a physician duly licensed to practice medicine in the State of New York at all pertinent times alleged herein.

## SUBJECT-MATTER JURISDICTION AND VENUE

9. The Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1346(b) and 1367(a).

10. Venue is proper pursuant to 28 U.S.C. § 1391(e) because the acts and omissions alleged occurred within the Eastern District of New York.

## FEDERAL TORT CLAIMS ACT (FTCA) ADMINISTRATIVE PROCEDURE

11. Plaintiffs filed Claims with the Department of Health and Human Services, which were received on May 19, 2015. On, January 6, 2017, the Department of Health and Human Services served a final determination letter denying Plaintiffs' Claim. Plaintiffs filed a Request for Reconsideration, which was received on June 6, 2017. On July 12, 2018, the Department of Health and Human Services served a final determination letter denying Plaintiffs' Request for Reconsideration. See attached.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF INFANT PLAINTIFF FOR PERSONAL INJURIES

12. Defendant(s) and agents, servants, and employees undertook to attend and provide medical care for Plaintiff and Plaintiff's fetus in a reasonable, proper, and skillful manner

2

during the pregnancy, labor, delivery, and post-partum care starting on or about May 29, 2013 and continuing until Plaintiff's discharge on June 6, 2013.

13. Defendant(s) and agents, servants, and employees were negligent and committed malpractice in their treatment of Plaintiffs including but not limited to, failure to monitor the patient on the labor and delivery floor; failure to provide close observation of both the mother and fetus; failure to timely assess protein in urine, and edema; failure to timely take and appreciate the significance of vital signs, including temperature and blood pressure; failure to develop a management plan for the timing and mode of delivery given the mother's clinical signs and symptoms during the hospitalization on May 29, 2013; failure to timely and properly perform non-stress tests and biophysical profiles; failure to monitor and control maternal blood pressure and prescribe and administer appropriate medications; failure to monitor the amniotic fluid index; failure to recognize and manage the signs and symptoms of fetal distress; failure to determine the etiology of fetal distress with differential diagnosis; failure to promptly and properly monitor the well-being of the fetus with electronic fetal monitoring; failure to continuously monitor the fetal heart with electronic means during the entire labor and up until the time of delivery; failure to properly calibrate the fetal heart monitor; failure to recognize and appreciate the significance of early, late, and variable decelerations, loss of beat-to-beat variability, bradycardia, tachycardia, and accelerations; failure to observe and appreciate the significance of the contractions during labor; failure to consider and perform fetal scalp sampling; failure to do sonography during labor in order to assess the position and well-being of the fetus, the positioning of the umbilical cord, and the feto-pelvic relationships and proportions; failure to observe the fetal monitoring strips continuously and make notations on a regular basis as to the observations made; failure to assess the

3

position of the umbilical cord and cord compression; failure to monitor the progress of labor and determine by differential diagnosis the cause of delays and arrests; failure to observe and appreciate the significance of the rates of dilatation and descent; failure to determine by differential diagnosis the etiology of dilatation and descent that were not within normal limits; failure to do pelvimetry; failure to accurately estimate fetal size and position; failure to assess amniotic fluid volume and consider the prescription and administration of amnio infusion; failure to timely and properly recognize the significance of ruptured membranes; failure to observe that the fetus was at risk for or suffering from hypoxia ischemia; failure to diagnose fetal hypoxia ischemia; failure to administer in utero resuscitation; failure to timely reposition mother and fetus and to provide oxygen therapy to mother and fetus; failure to prevent injury from trauma during labor and delivery; failure to notify pediatric department in a timely manner to be present at delivery; failure to timely have pediatricians present at delivery; failure to timely consider, order, perform, and appreciate the significance of non-stress testing and biophysical scoring; failure to administer Vitamin K; failure to order preparation for Cesarean section in a timely manner, including the notifying of the medical team members whose attendance was necessary and the preparation of the mother for Cesarean section delivery; failure to do a timely Cesarean section; failure to timely and properly consider a Cesarean section as an alternative to expectant management; and failure to properly discuss the alternative of a Cesarean section with the parents

14. Defendant(s) and agents, servants, and employees provided the care to Infant Plaintiff and Infant Plaintiff's mother at the facilities owned and operated by Lutheran Hospital and/or Sunset Park Family Health Center/Lutheran Family Health Center.

4

15. Plaintiffs sustained severe and permanent neurological and physical injuries as a result of the negligence and malpractice of Defendant(s) and agents, servants, and employees, including but not limited to, loss of child in utero, emotional distress, and pain and suffering and loss of enjoyment of life.

16. The injuries and damages sustained by Plaintiffs were caused solely by the negligence and malpractice of Defendant(s) and agents, servants, and employees without any negligence on the part of Plaintiffs.

17. Plaintiffs sustained damages in excess of the jurisdictional limits of all lower courts, which might otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR LACK OF INFORMED CONSENT

18. Defendant(s) and agents, servants, and employees performed some and failed to perform other medical treatments, procedures, surgeries, and/or diagnostic procedures upon Plaintiff patient(s) without obtaining the informed consent of Plaintiff patient(s), including but not limited to performing a timely Cesarean Section.

19. Defendant(s) and agents, servants, and employees failed to advise Plaintiff patient(s) of the risks, dangers, and consequences associated with the performance or non-performance of the aforesaid medical treatments, procedures, surgeries, and diagnostic procedures.

20. A reasonably prudent person in the position of Plaintiff patient(s) would not have permitted, allowed, or undergone the medical treatments, procedures, surgeries, and/or diagnostic procedures and would have chosen a different course of treatment if he/she had been fully informed of the risks, dangers, and consequences.

21. As a result of the aforesaid medical treatments, procedures, surgeries, and/or diagnostic procedures being withheld or performed upon Plaintiff patient(s), without the informed consent of Plaintiff patient(s), Plaintiff(s) sustained personal damages.

22. Such a lack of informed consent is a proximate cause of the damages to Plaintiff(s) for which relief is sought herein.

23. Plaintiff(s) sustained severe and permanent injuries as a result of the failure to obtain an informed consent by Defendant(s) and agents, servants, and employees.

24. The injuries and damages sustained by Plaintiff(s) were caused solely by the negligence and malpractice of Defendant(s) and agents, servants, and employees without any negligence on the part of Plaintiff patient(s) contributing thereto.

25. Plaintiff(s) sustained damages in excess of the jurisdictional limits of all lower courts, which might otherwise have jurisdiction.

### AS AND FOR A FOURTH CAUSE OF ACTION
### ON BEHALF OF SPOUSE
### FOR A DERIVATIVE CLAIM

26. As a result of the injuries sustained by Plaintiff due to the negligence and malpractice of Defendant(s) and agents, servants, and employees, and the lack of informed consent, Plaintiff spouse, JOSE RODRIGUEZ, lost the services and consortium of Plaintiff.

27. JOSE RODRIGUEZ is entitled to the fair value of the loss of services and consortium of his wife.

28. JOSE RODRIGUEZ sustained damages in excess of the jurisdictional limits of all lower courts that would otherwise have jurisdiction

## STATEMENT REGARDING EXCEPTIONS IN CPLR ARTICLE 1602

29. One or more of the exceptions in CPLR § 1602, including but not limited to Subsection 2(iv) and 7 are applicable to all causes of action and Defendants are jointly and severally liable with all other tortfeasors whether parties to this action or not.

## RELIEF

30. Wherefore, Plaintiff(s) demand judgment against Defendant, United States, on all causes of action for:

   a) Damages in the amount of $10,000,000.00;

   b) Costs, disbursements, and attorney fees; and

   c) Such other and further relief as the Court may deem proper.

31. Wherefore, Plaintiff(s) demand judgment against Defendants, Department of Health and Human Services, on all causes of action in an amount that exceeds the jurisdictional limitations of all lower courts that would otherwise have jurisdiction over this action, together with the interest, costs, and disbursements of same as allowed by law.

Dated:     Yonkers, New York
           January 8, 2019

The Fitzgerald Law Firm, P.C.
Attorneys for Plaintiff(s)
By:  James P. Fitzgerald (JF6363)
538 Riverdale Avenue
Yonkers, New York 10705
Tel: (914) 378-1010
Fax: (914) 378-1092
File No.: F13107c
jfitzgerald@lawfitz.com

## **VERIFICATION**

STATE OF NEW YORK            )
                             ) ss.:
COUNTY OF WESTCHESTER        )

The undersigned, an attorney duly admitted to practice in the State of New York, under the penalties of perjury affirms as follows:

1. I am one of the attorneys for Plaintiff(s) in this action.

2. I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief and, as to those matters, I believe them to be true.

3. The reason this verification is made by me and not by Plaintiff(s) is that Plaintiff(s) is/are not presently within the county wherein the attorneys' offices are located.

4. The grounds of my belief as to all matters not stated upon my own knowledge are investigations made and reports of investigation received by me.

Dated:     Yonkers, New York
           January 8, 2019

_____
James P. Fitzgerald, Esq.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DILENIA RODRIGUEZ and JOSE RODRIGUEZ,

                                    Plaintiff(s),

                  -v-                                             **CERTIFICATE OF MERIT**

UNITED STATES,

                                    Defendant(s).
-------------------------------------------------------------------X

       Pursuant to CPLR § 3012-a, the undersigned, an attorney duly admitted to practice before the Courts of the State of New York, hereby affirms the following under the penalties of perjury:

       1. I am associated with the firm of The Fitzgerald Law Firm, P.C., attorneys for Plaintiff(s) herein. I am familiar with the facts and circumstances of this proceeding. This affirmation is made upon information and belief, the source of your affirmant's knowledge being the file maintained by this office.

       2. The facts of the case have been reviewed and at least one physician has been consulted with who is licensed to practice in this state or any other state and who is reasonably believed to be knowledgeable in the relevant issues involved in this action, and it has been concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of this action.

Dated:       Yonkers, New York
                January _8_, 2019

                                                            The Fitzgerald Law Firm, P.C.
                                                            Attorneys for Plaintiff(s)
                                                            By: James P. Fitzgerald, Esq. (JF6363)
                                                           538 Riverdale Avenue
                                                           Yonkers, New York 10705
                                                          Tel: (914) 378-1010
                                                          Fax: (914) 378-1092